JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEBERLINA PERRINE, | NO. CV 09-00704 SJO (RCx) |
| Plaintiff, | |
| v. | **ORDER REMANDING ACTION TO STATE COURT** |
| MORTGAGEIT, INC., et al., | |
| Defendants. | |

This matter is before the Court on Defendant MortgageIT, Inc.'s Notice of Removal. For the following reasons, the Court REMANDS this action to state court.

I.  BACKGROUND

Perrine alleges that Defendants MortgageIT, Inc., GMAC Mortgage, Citi Mortgage, and America's Servicing Company (collectively, "Defendants") failed to disclose to Perrine pertinent information in a clear and conspicuous manner, and failed to inform her that she could not actually qualify for the loan for which she applied. (First Am. Compl. ("FAC") ¶ 15.) Perrine states that Defendants sold her two ARM home loans based on the promise of a low fixed payment based on low listed interest rates, but that Defendants charged her much greater interest rates than those promised. *Id.* ¶ 17. Based on Defendants' alleged misconduct, Perrine filed suit in state court alleging claims for: (1) violation of California Business and Professions Code § 17200, et seq.; (2) fraudulent omission; (3) violation of California Financial Code § 22302; (4) quiet title

action; (5) rescission based on fraud; (6) unfair debt collection practices; (7) breach of fiduciary duty; (8) breach of contract; (9) breach of the covenant of good faith and fair dealing; and (10) declaratory and injunctive relief. Defendants removed on the basis of federal question jurisdiction, based on statements in Perrine's first and sixth claims that Defendants violated the Federal Fair Debt Collections Act ("FFDCA") and the Real Estate Settlement Procedures Act ("RESPA").

## II. DISCUSSION

Under 28 U.S.C. § 1441, an action is removable to federal court only if it might have been brought there originally. *See* 28 U.S.C. § 1441(a). The removal statute is "strictly construe[d] . . . against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal citations omitted). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal . . . ." *Id.* (internal citation omitted). "Th[is] 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (internal citations omitted).

28 U.S.C. § 1331 gives federal courts "original jurisdiction" over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case "arises under" federal law if a plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action" or that the "plaintiff's right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13, 27–28 (1983); *see Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689–90 (2006) (internal citation omitted).

With regard to the second category of cases "arising under" federal law, " the presence of a federal issue is not "a password opening federal courts to any state action embracing a point of federal law." *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). "[C]ountless claims can be said to depend in some way on federal propositions, yet not all such cases 'arise under' federal law." *Hunter v. United Van Lines*, 746 F.2d 635, 645 (9th Cir. 1985). Rather, to qualify for federal question jurisdiction, a state law claim must "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial

responsibilities." *Grable*, 545 U.S. at 314. In order for a federal issue to be substantial, it must "indicat[e] a serious federal interest in claiming the advantages thought to be inherent in a federal forum." *Id.* at 313 (internal citations omitted). The absence of a federal cause of action is a relevant factor to be considered in assessing whether a federal issue is substantial. *See Grable*, 545 U.S. at 318; *Merrell Dow Phams., Inc. v. Thompson*, 478 U.S. 804, 811 (1986).

In the instant action, Perrine alleges ten claims, most of which are based solely on state law. In her first and sixth claims, she alleges that in addition to state law, Defendants violated FFDCA, and RESPA. However, in her first claim she raises this federal issue in support of her state law claim for a violation of California Business and Professional Code § 17200. As courts have recognized, state law claims premised on violations of federal law do not automatically create federal jurisdiction. *See Grable*, 545 U.S. at 319 (noting that "a general rule of exercising federal jurisdiction over state claims resting on federal . . . statutory violations would . . . have heralded a potentially enormous shift of traditionally state cases into federal courts"). Further, her sixth claim for unfair debt collection practices is based on an alleged violation of California's Rosenthal Fair Debt Collection Practices Act, in addition to FFDCA and RESPA. Because Perrine's claims are premised primarily on solely state law issues, the Court finds that the two federal issues mentioned in the FAC are not substantial so as to make the action arise under federal law. *See Merrell Dow Pharms., Inc.*, 478 U.S. at 813 n. 12 (noting that a claim based on federal law "is not necessarily, or for that reason alone, one arising under those laws, for a suit does not so arise unless it really and substantially involves a dispute or controversy respecting the validity, construction or effect of such a law, upon the determination of which the result depends").

Because Defendants have failed to establish a "compelling federal judicial interest in embracing this case as a federal question," *see Campbell v. Aerospace Corp.*, 123 F.3d 1308, 1315 (9th Cir. 1997), the Court finds that Defendants have not met their burden of showing that removal was proper on the basis of federal question jurisdiction. Cognizant of the "strong presumption" against removal jurisdiction, the Court REMANDS the action to state court. *See Gaus*, 980 F.2d at 566.

1 | III.   RULING

2 |     For the foregoing reasons, the Court REMANDS the action to state court.

3 |     IT IS SO ORDERED.

4 | Dated this 26th day of February, 2009.

*/s/ S. James Otero*

                                  S. JAMES OTERO
                        UNITED STATES DISTRICT JUDGE